UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-CR-80048-Cannon/Reinhart

UNITED STATES OF AMERICA

vs.

JULIANA GOMEZ MESA,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

JULIANA GOMEZ MESA, (hereinafter referred to as the "defendant"), enter into the following

agreement:

1.        The defendant agrees to plead guilty to Count One of the indictment, which count

charges the defendant with Conspiracy to Possess with the Intent to Distribute a Schedule I

Controlled Substance in violation of Title 21, United States Code, Section 846.

2.        This Office agrees to seek dismissal of counts Two, Three, and Four of the

indictment, as to this defendant, after sentencing.

3.        The defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines").  The defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered.

2

The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of 5 years to life.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order forfeiture and restitution.

5.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

3

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

8.      This Office and the defendant agree that, although not binding on the probation

office or the Court, they will jointly recommend that the Court make the following findings and

conclusions as to the sentence to be imposed.

    a.      Quantity of drugs: That the quantity of controlled substance involved in the

offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is 329 grams of 3,4-

Methylenedioxymethamphetamine, more commonly referred to as MDMA.[1]

    b.      Role in the offense: That the defendant should receive a two-level decrease

as a minor participant in the offense, pursuant to Section 3B1.2 of the Sentencing Guidelines.

9.      The defendant is aware that the sentence has not yet been determined by the Court.

The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or

the probation office, is a prediction, not a promise, and is not binding on this Office, the probation

office or the Court.

10.     The defendant is aware that Title 18, United States Code, Section 3742 and Title

28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed

in this case.   Acknowledging this, in exchange for the undertakings made by the United States in

this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291

---

[1]      The   indictment   includes   a   reference   to   the   substance   4-Bromo-2,5-
dimethoxyphenethylamine in order to provide notice to the defendant for sentencing purposes, as
preliminary tests indicated this was the substance the defendants conspired to distribute.
However, further testing revealed that the substance was a mixture of several substances, MDMA
being the primary controlled substance.   This error is harmless as the type of drug is not as an
element of the offense.   Indeed, the government is only required to prove that the defendant
conspired to distribute what she knew was a controlled substance. See United States v. Achey, 943
F.3d 909 (11th Cir. 2019).

5

to appeal any sentence imposed, including any restitution order, or to appeal the manner in which

the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure and/or an upward variance from the advisory guideline range that

the Court establishes at sentencing.   The defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United

States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the

United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the

defendant shall be released from the above waiver of appellate rights.   By signing this agreement,

the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this

agreement with the defendant's attorney.   The defendant further agrees, together with this Office,

to request that the Court enter a specific finding that the defendant's waiver of his right to appeal

the sentence imposed in this case was knowing and voluntary.

11.     Defendant recognizes that pleading guilty may have consequences with respect to

the defendant's immigration status if the defendant is not a citizen of the United States.   Under

federal law, a broad range of crimes are removable offenses, including the offense to which

defendant is pleading guilty.   Indeed, because defendant is pleading guilty to narcotics trafficking

removal is presumptively mandatory.   Removal and other immigration consequences are the

subject of a separate proceeding, however, and defendant understands that no one, including the

defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction

on the defendant's immigration status.   Defendant nevertheless affirms that the defendant wants

to plead guilty regardless of any immigration consequences that the defendant's plea may entail,

even if the consequence is the defendant's automatic removal from the United States.

6

12.     This is the entire agreement and understanding between this Office and the

defendant.    There are no other agreements, promises, representations, or understandings.


Date: 8/24/22                          By: _____

                                            JUAN ANTONIO GONZALEZ
                                            UNITED STATES ATTORNEY

                                            LARA TREINIS GATZ
                                            ASSISTANT UNITED STATES ATTORNEY


Date: 8/24/2022                        By: _____

                                            ANDREA S. CUNILL
                                            ATTORNEY FOR DEFENDANT


Date: 8/24/2022                        By: _____

                                            JULIANA GOMEZ MESA
                                            DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-80048-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

JULIANA GOMEZ MESA,

Defendant.

_____/

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and JULIANA

GOMEZ MESA (hereinafter the "defendant") agree that had this case proceeded to trial, the

United States would have proven the following elements and facts beyond a reasonable doubt:

### Elements

(i)  Between February 2022 and March 2022, the defendant agreed with
others to possess and distribute a controlled substance, and

(ii)  The defendant knowingly and intentionally entered into the
agreement, knowing of its purpose and intending to help accomplish
that purpose.

### Facts

1.  On March 2, 2022, U.S. Customs and Border Protection Officers seized a DHL

box which contained approximately 200 grams of a substance containing MDMA (commonly

referred to as ecstasy), a Schedule I controlled substance (the "Package").

2.      Between March 2, 2022, and March 21, 2022, the defendant and one other arranged to accept delivery of the Package.

3.      On March 21, 2022, the defendant and one other took possession of the Package and agreed to distribute the contents of the Package.

4.      On March 21, 2022, after being advised of her <u>Miranda</u> rights and waiving those rights, the defendant agreed to speak with federal agents.  In sum and in part, the defendant admitted that she knew that the Package contained a controlled substance and that she planned to sell the controlled substance to make money.

5.      All events occurring in the Southern District of Florida and elsewhere.


                                             JUAN ANTONIO GONZALEZ
                                             UNITED STATES ATTORNEY


Date: 8/24/22                    By: _____
                                             LARA TREINIS GATZ
                                             ASSISTANT UNITED STATES ATTORNEY


Date: 8/24/2022                  By: _____
                                             ANDREA CUNILL, ESQ.
                                             COUNSEL TO THE DEFENDANT


Date: 8/24/2022                  By: _____
                                             JULIANA GOMEZ MESA
                                             DEFENDANT