UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80048-Cannon/Reinhart

UNITED STATES OF AMERICA

vs.

SANTIAGO LOPEZ CIRO,

Defendant.
_____/

FILED BY __TM__ D.C.

NOV 17 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **SANTIAGO LOPEZ CIRO**, (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment, which count charges the defendant with Conspiracy to Possess with the Intent to Distribute a Schedule I Controlled Substance in violation of Title 21, United States Code, Section 846.

2. This Office agrees to seek dismissal of counts Two through Four of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the

guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of 3 years to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order forfeiture and restitution.

5.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  This Office acknowledges that the defendant has rendered substantial assistance in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), and/or Section 5K1.1 of the Sentencing Guidelines, this Office agrees to move at the time of sentencing for a departure by the Court from the advisory range calculated under the Sentencing Guidelines. The defendant understands and acknowledges that the Court is under no obligation to grant this Office's motion for a reduction or a downward departure.

8.  This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid

3

preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. This Office and the defendant agree that, although not binding on the probation department or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Quantity of drugs</u>: That the quantity of controlled substance involved in the offense, pursuant to U.S.S.G. § 2D1.1(a) and (c), is 329 grams of 3,4-Methylenedioxymethamphetamine, more commonly referred to as MDMA which, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(8), would result in a Base Offense Level of 24.[1]

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation department, is a prediction, not a promise, and is not

---

[1] The Complaint included a reference to the substance 4-Bromo-2,5-dimethoxyphenethylamine as preliminary tests indicated this was the substance the defendants conspired to distribute. However, further testing revealed that the substance was a mixture of several substances, MDMA being the primary controlled substance.

binding on this Office, the probation department, or the Court.

11. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to narcotics trafficking removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

12. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 10/17/22

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
LARA TREINIS GATZ
ASSISTANT UNITED STATES ATTORNEY

Date: 11/17/22

By: _____
BRIAN H. MALONEE
ATTORNEY FOR DEFENDANT

Date: 11/17/22

By: _____
SANTIAGO LOPEZ CIRO
DEFENDANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80048-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

SANTIAGO LOPEZ CIRO,

Defendant.
_____/

FILED BY ⁯7M  D.C.

NOV 17 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and SANTIAGO LOPEZ CIRO (hereinafter the "defendant") agree that had this case proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt:

### Elements

(i) Between February 2022 and March 2022, the defendant agreed with others to possess and distribute a controlled substance, and

(ii) The defendant knowingly and intentionally entered into the agreement, knowing of its purpose and intending to help accomplish that purpose.

### Facts

1. In February 2022, the defendant and others made arrangements to ship a package containing approximately 200 grams of a substance containing MDMA (commonly

referred to as ecstasy), a Schedule I controlled substance (the "Package") from Colombia to the United States.

2. On March 2, 2022, U.S. Customs and Border Protection Officers seized the Package.

3. The defendant and others intended for the Package to be delivered to individuals, located in the Southern District of Florida, who planned to distribute the controlled substance.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 11/17/22         By: _____
                            LARA TREINIS GATZ
                            ASSISTANT UNITED STATES ATTORNEY

Date: 11/17/22         By: _____
                            BRIAN H. MALONEE, ESQ.
                            COUNSEL TO THE DEFENDANT

Date: 11/04/22         By: _____
                            SANTIAGO LOPEZ CIRO
                            DEFENDANT