UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cr-80048-AMC

UNITED STATES OF AMERICA,

vs.

**JULIANA GOMEZ MESA,**
**#92224-509**

    Defendant.
_____/

**SENTENCING MEMORANDUM**

    **COMES NOW** the Defendant, **JULIANA GOMEZ MESA**, by and through undersigned counsel, and pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Rule 88.8 of the Local Rules for the Southern District of Florida, and the Due Process Clause of the Fifth Amendment to the United States Constitution, respectfully files this sentencing memorandum and moves this Court for the imposition of a sentence sufficient but not greater than necessary to meet the sentencing concerns as expressed by Congress in 18 U.S.C. § 3553 of the United States Code and state:

**I. STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1. On April 7, 2022, the Government filed a four-count indictment charging defendant with Count I, Conspiracy to Possess with Intent Distribute 4-Bromo-2,5-dimethoxyphenethylamine, in violation of 21 U.S.C. § 846, Count II, Attempted Possession with Intent to Distribute a Controlled Substance, in violation of 21

U.S.C. § 846, Count III, Conspiracy to Import a Controlled Substance, in violation of 21 U.S.C. § 963 and Count IV, Importation a Controlled Substance, in violation of 21 U.S.C.. § 952(a).   [D.E. 9].

2. The scope of the Indictment focused on the time period from February 2022 and continuing through March 21, 2022, where the defendants, Santiago Lopez Ciro ("Lopez Ciro"), Juan Barbosa Gomez ("Barbosa Gomez") and Juliana Gomez Mesa ("Gomez Mesa or defendant") conspired with each other and unknown others to commit the charged crimes.

3. Homeland Security Investigation (HSI) special agents discovered that, on March 2, 2022, U.S. Customs and Border Protection Officers seized a DHL package containing MDMA.  Utilizing an unknown Cooperating Source ("CS"), HSI learned that co-defendant Lopez Ciro arranged for the narcotics to be shipped from Colombia to West Palm Beach and, ultimately, to be delivered to Barbosa Gomez and Gomez Mesa, to pay back a debt co-defendant Lopez Ciro owed to co-defendant Barbosa Gomez.

4. On March 21, 2022, HSI agents had the CS perform a controlled delivery of a package containing a tracking device to co-defendant Barbosa Gomez.

5. Co-defendant Barbosa Gomez instructed his then girlfriend, defendant Juliana Gomez Mesa, to destroy the tracking device which was ultimately unsuccessful. Ultimately, co-defendant Barbosa Gomez exited the premises and threw the other tracker into a pile of garbage outside.

6. Agents detained Juliana Gomez Mesa, where she confessed to the crimes and fully cooperated with the Agents. Indeed, Gomez Mesa admitted that co-defendant Barbosa Gomez was going to sell the drugs because co-defendant Lopez Ciro owed co-defendant Barbosa Gomez approximately $18,500.00 for "DJ" "electronic equipment" he had purchased and was unable to satisfy the debt to co-defendant Barbosa Gomez. Thus, in order to satisfy the debt, co-defendant Lopez Ciro arranged drugs subject of the instant Indictment to be shipped from Colombia to co-defendant Barbosa Gomez to be sold in the United States. In her recorded statement, Gomez Mesa acknowledged her participation with the co-defendants which is also contained in the factual proffer to which defendant agreed at her plea conference.

7. Moreover, while confessing to Agents, Gomez Mesa willingly provided her cellular telephone to the Agents which she was aware contained incriminating text messages.

8. Gomez Mesa entered into a written plea agreement with the Government in this matter wherein Gomez Mesa agreed to plead guilty to count one (1) for violating 21 U.S.C. § 846, Conspiracy to Possess with Intent Distribute 4-Bromo-2,5-dimethoxyphenethylamine. Pursuant to the written plea agreement, upon sentencing, the Government agreed to dismiss the remaining counts as charged in the Indictment.

9. On August 24, 2022, before the Honorable Magistrate Judge Bruce E. Reinhart, the defendant pled guilty to Count I of the Four-Count indictment which was accepted by the Court. [D.E. 48].

10. While not binding upon this Honorable Court, pursuant to the plea agreement, Gomez Mesa and the Government jointly recommend that the Court make the following findings and conclusions as to the sentencing guidelines applicable to this instant defendant:

**Base Offense Level**: Level twenty-four (24) under Section 2Dl.1 (a) and (c) of the Sentencing Guidelines, is 329 grams of 3,4-Methylenedioxymethamphetamine, more commonly referred to as MDMA.

   a. The Government, after reviewing the evidence consulting with the Special Agents agreed with the Defendant, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed which would include a two-level (-2) role reduction for the defendant's role in the instant offense which warrants a two-level downward adjustment for minor participant pursuant to § 3B1.2(b).

   b. Probation, the Government and Defendant unanimously agreed to recommend a two-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a).  Moreover, if at the time of sentencing, the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease, pursuant to § 3E1.1(b).

    c. Furthermore, Probation and the Government jointly agree that defendant has met the criteria set forth in subdivisions (1)-(4) of § 5C1.2. Additionally, according to the government, the defendant was debriefed and therefore, meets criterion (5) of § 5C1.2(a). As such, a two-level reduction pursuant to § 2D1.1(b)(18) is recommended jointly recommended by the Government and Probation.

11. Thus, pursuant to the plea agreement and stipulations, Gomez Mesa and the Government jointly recommend that the Court find the defendant's sentencing range is a Zone C, Level 17 with an advisory sentencing range of twenty-four (24) to thirty (30) months.

12. Defendant respectfully requests that this Honorable Court reject the recommendation of probation based on defendant's written objections to the presentencing investigation report ("PSIR") that defendant does not qualify for a minor role adjustment and accept the joint recommendations of the Government and Defendant.

13. Defendant is scheduled to be sentenced by this Honorable Court on January 4, 2023.

14. Additionally, defendant hereby beseeches this Honorable Court, pursuant to 18 U.S.C. § 3553(a) to impose a sentence that is below the advisory guideline range.

## II. SENTENCING CONSIDERATIONS

1. Gomez Mesa sentencing is set before this Honorable Court January 4, 2023 at 10:00 a.m. The sentencing guideline applicable to defendant in this matter based the plea

agreement and stipulations between defendant Gomez Mesa and the Government is an offense level seventeen (17), which is a range of twenty-four (24) to thirty (30) months in Zone C.[1]

2. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, was unconstitutional. The Court created its own remedy by excising those portions of the federal sentencing statute which made the guidelines mandatory in order to satisfy the Sixth Amendment to the United States Constitution. The Supreme Court held, "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guideline system its sentencing is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. "*United States v. Rodriguez*, 398 F. 3d 1291, 1297 (11th Cir. 2005). As a result of the Supreme Court's remedial holding in *Booker*, district courts must calculate and apply the guidelines but *Booker* error exists when the district court misapplies the guidelines by considering them binding as opposed to advisory. *United States v. Shelton*, 400 F. 3d 1325, 1330-31 (11th Cir. 2005).

3. In *Booker*, the Court explained:

> So modified, the federal sentencing act . . . makes the guidelines effectively advisory. It requires a sentencing court to consider the guideline's ranges, see, 18 U.S.C. § 3553(a)(4)(Supp. 2004), but it permits the courts to tailor the

---

[1] The Department of Probation has objected to the jointly agreed two-level downward adjustment for minor participant pursuant to § 3B1.2(b) for a Level 19 with an advisory sentencing range of thirty (30) to thirty-seven (37) months. However, defendant would respectfully ask this Honorable Court to note this was not the joint recommendations by defendant and the Government.

>sentence in light of other statutory concerns as well, see, § 3553(a)(Supp. 2004).

*See, Booker, supra* at 1425 S. Ct. 757, 758.

18 U.S.C. § 3553(a) states that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this section." *See* 18 U.S.C. § 3553(a). The criteria mentioned in the statute requires that the sentence be imposed to reflect the following needs: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter. Furthermore, paragraph one (1) states that the court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *See*, 18 U.S.C. § 3553(a)(1).

## A. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

4. Juliana Gomez Mesa will be almost thirty-four (34) years old as of the day of the sentencing in this matter. She was born in Colombia and, after serving her sentence in this matter, she will be deported back to Colombia.

5. Juliana Gomez Mesa has no prior contact with law enforcement other than this instant offense.

6. Gomez Mesa does not have any drug or alcohol abuse issues or mental health issues. Indeed, it is Gomez Mesa that cares for her stepfather and mother in Colombia both

physically and financially.

7. Gomez Mesa's stepfather is an alcoholic that drove their fabric/clothing store into bankruptcy and her mother suffers such deep depression since Gomez Mesa's father and husband to her mother was murdered while playing dominoes outside of their residence.

8. Gomez Mesa worked many jobs in Colombia to support her family as they are unable to meet their own needs.

9. Defendant went to school in Colombia for design and will return to her many jobs in Colombia to support her family after serving her sentence in this case.

10. Defendant has been incarcerated since March 22, 2022 and this is the first time Gomez Mesa has ever been incarcerated. Nonetheless, Gomez Mesa has taken upon herself to make positive use of her time reading books and attempting to learn English through books.

## B. NATURE AND CIRCUMSTANCES OF THE OFFENSE

11. When considering the nature and circumstances of the offense for sentencing purposes, pursuant to 18 U.S.C. § 3553(a)(1), the facts of this case present a nonthreatening violation of the Conspiracy to Possess with Intent Distribute MDMA in violation of Title 21, United States Code, Section 846.

## C. 18 U.S.C. § 3553(a)(1) CONSIDERATIONS

12. As stated above, the criteria mentioned in the statute requires that the sentence be imposed to reflect the following needs: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2)

to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter. *See*, 18 U.S.C. § 3553(a)(1).

13. GOMEZ MESA is an otherwise law-abiding individual who made terrible decision which resulted in arrest and being charged by Information by the United States Government.   GOMEZ MESA has never been arrested and she has had time during the pendency of this case, during her approximately nine (9) months of incarceration, while contemplating her written plea and to the day of sentencing, to reflect on the seriousness of the offense and is deeply regretful for her conduct. GOMEZ MESA when allowed to speak during her plea and while speaking to probation expressed her absolute sorrow and regret for violating the laws of the United States, for her family and friends she has hurt and is prepared to be sentenced for the wrong choices she made.   This prosecution and the loss of liberty in this matter has been sufficient to protect the public from further crimes of GOMEZ MESA and the incredible disruption of her life and her family and friends lives, although at her own doing, cannot be underestimated and the punishment and deterrence is obvious.

14. GOMEZ MESA has, from the incept of this case in March of 2022, declared her desire to accept responsibility for her criminal conduct and waive her right to a trial and further burden to the Government.   The consequences of this felony conviction and the deprivation of liberty is adequate punishment when the nature of this offense

is considered. Protecting the public from further crimes of GOMEZ MESA is satisfied by the severe sanction and the deterrent effect it will have on this defendant. GOMEZ MESA has never been sanctioned by a court of law before nor will there be a necessity in the future.

### III. CONCLUSION AND RECOMMENDATION

15. The defendant, GOMEZ MESA implores this Honorable Court to fashion a sentence that reflects the values of the United States just punishment system, yet which will permit her to return to Colombia so she can begin to work again and support her very ill mother and stepfather, acknowledging defendant is asking this Honorable Court affix a sentence that is below the advisory guideline range pursuant to 18 U.S.C. § 3553(a).

16. GOMEZ MESA has suffered as a result of her unlawful conduct. This is the quintessential case for this Honorable Court to exercise its inherent discretion pursuant to *Booker* and 18 U.S.C. § 3553 as defendant meets those elements designed for departing below the advisory sentencing guideline range.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered electronically to Office of the United States Attorney by using the CM/ECF system which will electronically send a notice of the electronic filing the parties.

Respectfully submitted,

**THE CUNILL LAW FIRM, P.A.**
1000 Brickell Avenue
Suite 720
Miami, Florida 33131
Telephone:   (305) 218-0564
Facsimile:    (305) 402-0261
Email: **Service@CunillLawFirm.com**

By:___s/ Andrea Cunill_____
        ANDREA S. CUNILL, ESQ.
        Florida Bar No.: 027659