UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80048-AMC

UNITED STATES OF AMERICA

vs.

JULIANA GOMEZ MESA,

        **Defendant.**
_____/

**GOVERNMENT'S REPSONSE TO DEFENDANT'S OBJECTION
TO THE PRESENTENCE REPORT AND MOTION FOR A VARIANCE**

The government hereby files this response to the defendant's Objection to the Presentence Report ("PSR") filed on December 8, 2022 (DE 72), and Motion for a Variance filed on December 30, 2022 (DE 81). For the reasons set forth below, the government agrees with the defendant's objection to the PSR, but opposes the defendant's request for a variance.

**BACKGROUND**

On August 24, 2022, the defendant pled guilty, pursuant to a plea agreement, to Count One of a four-count Indictment, which charged her with conspiracy to possess with intent distribute MDMA, more commonly known as ecstasy, in violation of 21 U.S.C. § 846. PSR ¶ 1. The plea agreement included a provision in which the parties agreed to jointly recommend that the Court make two particular findings: (1) that the amount of MDMA involved in the matter was 329 grams; and (2) that the defendant receive a two-level reduction for her role as a minor participant in the offense, pursuant to U.S.S.G. § 3B1.2(b). PSR ¶ 4.

While the PSR included the agreed upon amount of MDMA, PSR ¶ 17, it did not include a two-level reduction in connection with the defendant's role in the offense. PSR ¶

26. Indeed, in the Addendum to the PSR, the Probation Officer explicitly recommended against the reduction. DE 77-1.

## MITIGATING ROLE

U.S.S.G. § 3B1.2 governs mitigating role. In determining what mitigating role to assign a participant, Application Note C urges the Court to consider a non-exhaustive list of factors that include:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

In the instant matter, it is undisputed that the MDMA involved was shipped to the United States from Colombia by Santiago Lopez-Ciro with the ultimate goal that it be provided to Juan Barbosa-Gomez to facilitate the repayment of a debt. PSR ¶¶ 9 and 18. There is no evidence to suggest that the defendant was involved in, planned, or stood to benefit from this arrangement. Indeed, it is clear that the defendant entered the conspiracy as a result of her relationship with Barbosa-Gomez, not from some separate interest or desire to engage in narcotics trafficking activities. Similarly, the defendant exercised no decision-making authority over the arrangements, and much of her activities were engaged in at the direction of

Barbosa-Gomez.

Moreover, while the defendant acknowledges that she was willing to assist Barbosa-Gomez in receiving and later distributing the drugs, and in fact took various actions to those ends, the government submits that it's inaccurate to describe her conduct as comparable to the other participants the conspiracy. For example, Lopez-Ciro arranged to have the MDMA shipped from Colombia into the United States, and then delivered to various safe locations. Further, Lopez-Ciro recruited a courier to pick up the narcotics packages at those locations and instructed the courier to deliver the packages to Barbosa-Gomez. Similarly, Barbosa-Gomez's role involved receiving, possessing, and ultimately arranging for the distribution of the MDMA, and, to that end, engaging in regular communications with Lopez-Ciro to arrange to accept delivery of the product. The defendant's assistance in some of those tasks was done at the request of Barbosa-Gomez, and with no promise of pecuniary gain.

In sum, the defendant had limited participation in planning and organizing the criminal activity, she exercised no significant decision-making authority or discretion in the acts she performed, and the criminal activity was primarily for the benefit of Barbosa-Gomez, thus, the minimal role enhancement is applicable.

## **DOWNWARD VARIANCE**

The Court has wide discretion to grant a variance as the Guidelines are advisory. See generally, United States v. Booker, 543 U.S. 220 (2005). Indeed, the Court is tasked with imposing a sentence that is "sufficient, but not greater than necessary" to serve the goals of sentencing. 18 U.S.C. 3553(a).

The defendant requests a downward variance based upon the statutory sentencing factors in 18 U.S.C. § 3553(a). More particularly, the defendant argues that the offense of

conviction is nonthreatening, she has no prior criminal history, is deeply remorseful for her conduct, has accepted full responsibility for her actions, and has an ill mother and stepfather in Colombia. While the government accepts all of these arguments as true, even collectively, they do not form a compelling basis for a variance from the advisory Guidelines, thus, this application should be denied.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By:   *Lara Treinis Gatz*
        Lara Treinis Gatz
        Assistant United States Attorney
        Court ID No. A5502857
        500 S. Australian Avenue – 4th Floor
        West Palm Beach, Florida 33401
        lara.gatz@usdoj.gov
        (561) 209-1069

cc:   Andrea Cunill, Esq.
      Probation Officer Andrew McDougan

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Lara Treinis Gatz*
LARA TREINIS GATZ
Assistant United States Attorney

**SERVICE LIST**

Andrea S. Cunill, Esq.
1000 Brickell Avenue
Suite 1005
Miami, FL 33131
305-218-0564
Fax: 305-402-0261
Email: Andrea@CunillLawFirm.com